1  SUE CAMPBELL
   Attorney at Law, State Bar Number 98728
2  1155 North First Street, Suite 101
   San Jose, California 95112
3  Phone:  (408) 277-0648
   Fax:    (408) 938-1035
4
   Attorney for Plaintiffs
5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10  MIKE GELLER AND MIKE YARBROUGH        )   CASE NO.:  C07 04763 JF RS
    AS TRUSTEES OF THE INTERNATIONAL      )
11  BROTHERHOOD OF ELECTRICAL             )   MEMORANDUM OF POINTS
    WORKERS LOCAL 302 HEALTH AND          )   AND AUTHORITIES IN
12  WELFARE AND PENSION TRUST FUNDS,      )   SUPPORT OF A DEFAULT
                                          )   JUDGMENT BY COURT AND
13                 Plaintiff,             )   FOR ATTORNEY'S FEES
                                          )
14  vs.                                   )
                                          )   DATE:    May 9, 2008
15  3-D TECHNICAL SERVICES, INC.,         )   TIME:    9:00 A.M.
    a California Corporation,             )   PLACE:   Courtroom 3, 5th Floor
16                                        )   JUDGE:   Hon. Jeremy Fogel
                   Defendant.             )
17  _____)

18        Pursuant to Federal Rules of Civil Procedure, Rule 55(b)(2), a judgment by

19  default may be entered by the Court upon application of Plaintiff. Judgment by the Court must

20  be made for any amounts that is not a sum certain or for a sum of which computation can be

21  made.  Plaintiffs in this matter have requested $3,046.90 in liquidated damages on past due

22  contributions, $601.20 in interest, costs of $428.00, and attorney's fees of $3,168.75

23  (Declaration of Sue Campbell) pursuant to contract and federal law, 29 U.S.C. §1132(g)(2).

24        This is an action for employee benefits due under the Employee Retirement

25  Income Security Act of 1974.  Pursuant to that Act, attorney's fees, interest and liquidated

26  damages are allowed as follows:

27        "(2) In any action under this title by a fiduciary for or on behalf of a plan to

28        enforce section 515 in which a judgment in favor of the plan is awarded, the court

                                         1

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFAULT JUDGMENT

1    shall award the plan -

2    "(A) the unpaid contributions,

3    "(B) interest on the unpaid contributions,

4    "(C) an amount equal to the greater of -

5        "(i) interest on the unpaid contributions, or

6        "(ii) liquidated damages provided for under the plan in an amount

7        not in excess of 20 percent (or such higher percentage as may be

8        permitted under Federal or State law) of the amount determined by

9        the court under subparagraph (A),

10   "(D) reasonable attorney's fees and costs of the action, to be paid by the

11   defendant, and

12   "(E) such other legal or equitable relief as the court deems appropriate.  For

13   purposes of this paragraph, interest on unpaid contributions shall be determined

14   by using the rate provided under the plan, or, if none, the rate prescribed under

15   section 6621 of the Internal Revenue Code of 1954."  29 U.S.C. 1132(g)(2)

16   (1982).

17        The declaration of plaintiffs' attorney, Sue Campbell, filed herewith, sets forth the

18   calculations for attorney's fees in the amount of $3,168.75.  As the above mentioned statute

19   allows the plaintiff to obtain reasonable attorney's fees in any action brought under E.R.I.S.A.,

20   Plaintiffs' attorney's fees should be allowed in full.

21        Pursuant to the collective bargaining agreement, liquidated damages of 15% of the

22   amount owed are due for December 2006 through May 2007 delinquent fringe benefits.

23   However, the Trust documents require a payment of 10% liquidated damages. The Trust Funds

24   have charged liquidated damages at 10%.  A copy of the pertinent sections of the Trust

25   documents are attached to the declaration of Sue Campbell.

26        In December 2001, the Trust Funds conducted a study to determine the reasonableness

27   of liquidated damages charged by the Trust Funds. The Trust Funds also periodically review

28   their collection procedures and costs to determine if the ten percent liquidated damages being

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFAULT JUDGMENT

1    charged is reasonable. A true and correct copy of that study, as well as a copy of the collection

2    procedures, is attached to the declaration of Sue Campbell. Both of these documents are

3    incorporated by reference as evidence of the reasonableness of the liquidated damages

4    requested. The final collection document was prepared and presented by my office and is a true

5    and correct copy of that study.

6            Plaintiffs have complied with all the requirements of Rule 55(b)(2), including the

7    requirement that a defendant be given three days notice of the application to enter the default

8    judgment. Federal Rules Civil Procedure, Rule 55(b)(2).

9

10   Date: March 27, 2008

11                                              SUE CAMPBELL
                                                Attorney for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFAULT JUDGMENT